**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Criminal Docket No.: 3:03CR59-V**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| **CHABLIS DIOR DANDRIDGE,** | ) | |
| **Defendant.** | ) | |
| _____) | | |

**THIS MATTER** comes before the Court on Defendant's "Pleads[sic] To Re-Call The Mandate Due To Intervening Change In Law And Court's Provisional Judgment," filed July 13, 2005. (Document #94) Also before the Court is a letter received by the Court on August 16, 2005, and filed on Defendant's behalf on August 18, 2005.

On March 25, 2004, Defendant Dandridge pled guilty to Counts One and Two of the Superseding Bill of Indictment, which alleged violations of 21 U.S. C. §846 and 18 U.S.C. §924(c), respectively. On August 18, 2004, this Court sentenced Defendant to a total of 180 months imprisonment. During the sentencing hearing, the Court announced:

> "Now, the Court would sentence under the requirements of the Hammoud[1], decision as a provisional sentence taking the guidelines as advisory, and would sentence the defendant to 120 months, having in mind the factors particularly of deterrence and rehabilitation, as well as his medical condition, but otherwise, the sentence would be the same as the guidelines."

(Sentencing Hr'g Tr., at 9.) Judgment was entered on September 21, 2004, reflecting both the guidelines sentence and the "alternative, provisional" sentence pursuant to Hammoud. Defendant did not appeal his conviction or sentence.

---

[1] United States v. Hammoud, 381 F.3d 316, 353-54 (4th Cir.2004)(*en banc*).

On January 12, 2005, the U.S. Supreme Court announced its much-anticipated decision in United States v. Booker / Fanfan, 125 S.Ct. 738 (2005). In Booker, the Supreme Court held in part that certain mandatory provisions of the United States Sentencing Guidelines were unconstitutional. The Supreme Court found that portions of the guidelines should be considered as merely "advisory" by federal sentencing judges.

As a result, Defendant has now filed a document seeking an Amended Judgment imposing the stated provisional alternative sentence. Defendant expressly states that his filing is not to be construed as a motion pursuant to 28 U.S.C. §2255.

However, a review of Petitioner's filing reveals that Defendant may not have any other avenue for relief given the posture of the case. In other words, the Court's research of post-Booker cases such as the Defendant's, where provisional alternative sentences were imposed at sentencing, reveals that these alternative sentences are not self-executing. For this reason, the Court is inclined to convert Defendant's motion and construe it as a Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255.

The Court is generally required to notify the Defendant if it intends to recharacterize a motion as a §2255 petition.[2] United States v. Emmanuel, 288 F. 3d 644, 649 (4th Cir.2002). In addition, the Court must provide the Defendant with an opportunity to respond and supplement his motion, and the Court must explain the relevant law. Id. In cases where no adverse consequences will ensue, however, the movant is not entitled to the above-mentioned procedures prior to recharacterization of the filing. Emmanuel, 288

---

[2] Given the language within Defendant's filing, it is even more important that the Court provide Defendant with the notices required by United States v. Emmanuel.

F.3d at 650.

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended § 2255. Under AEDPA, "[t]he limitation period shall run from the latest of (1) <u>the date on which the judgment of conviction becomes final</u>; (2) the date on which the impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) <u>the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review</u>; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 (*emphasis added*).[3]

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant shall **RESPOND** to the instant Order **on or before December 30, 2005,** specifically advising the Court if Defendant still opposes conversion of his filing to a Motion To Vacate, Correct or Set Aside Sentence; and

2. The Clerk shall send copies of this Order to the Defendant, United States Attorney's Office, and U.S. Probation Department.

---

[3] Generally, second or successive motions under §2255 are prohibited. 28 U.S.C. §2255. A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
    1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If the above-stated criteria is not met, the district court can dismiss the petition.

Rules Governing Section 2255 Proceedings, Rules 4(b), 9(b).

**Signed: November 30, 2005**

/s/ Richard L. Voorhees  
Richard L. Voorhees  
United States District Judge