IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Criminal Docket No.: 3:03CR59-V
Civil Docket No.: _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| CHABLIS DIOR DANDRIDGE, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court upon receipt of Defendant's filing entitled, "Petitioner's Response To Court's Order As To Provisional Sentence Dated November 30, 2005," filed January 24, 2006.[1] (Document #103)

In its November 30, 2005 Order, the Court provided Defendant with an opportunity to advise the Court whether he opposed the Court's proposed recharacterization of Defendant's July 2005 filing as a Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255.[2] The undersigned explained that construing Defendant's filing as a Section 2255 petition was likely Defendant's only available means for seeking to vacate the original guidelines sentence notwithstanding the Court's desire to impose an alternative, provisional sentence if authorized to do so by law.

---

[1] Defendant sought an extension of time through January 30, 2006, which the Court allowed. (Document #102) It appears that Defendant had mailed Document #103 prior to receiving the Court's Order granting the extension.

[2] Defendant's original filing was labeled, "Pleads[sic] To Re-Call The Mandate Due To Intervening Change In Law And Court's Provisional Judgment." (Document #94) As noted in its previous Order, the Court had also received correspondence from or on behalf of Defendant related to this case.

1

While Defendant's response does not expressly agree or disagree with the Court's suggestion, Defendant's legal arguments are couched in terms of Section 2255 legalese. Further, Defendant's response quotes the relevant portions of the Court's November 30th Order suggesting that Defendant's remedies are, in fact, limited given the failure to pursue direct appeal. (Response, at 1.) Thus, if Defendant opposed the recharacterization of his motion as a Section 2255 petition, Defendant would have stated as much within his filing.

**IT IS, THEREFORE, ORDERED THAT:**

1) Defendant's filings (Documents #94 and #103) and related correspondence, taken together, are hereby construed by the Court as a Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255;

2) The Deputy Clerk shall assign a civil docket number to this case and assign this matter to a *Pro Se* law clerk; and

3) A copy of this Order shall be delivered to the Defendant, Defense Counsel, U.S. Attorney's Office, and U.S. Probation Department.

Signed: February 2, 2006

Richard L. Voorhees
Chief United States District Judge